## Mutual Wheel Co. v. Walter J. Mosher.

1. ORDINARY CARE—*Must Be Shown.*—Where a plaintiff, suing for personal injuries, fails to show by a preponderance of the evidence, that he was at the time of the alleged accident in the exercise of ordinary care for his own safety, he is not entitled to recover.

**Action in Case,** for personal injuries. Appeal from the Circuit Court of Rock Island County; the Hon. FRANK D. RAMSAY, Judge, presiding. Heard in this court at the May term, 1899. Reversed. Opinion filed October 12, 1899.

SWEENEY & WALKER, attorneys for appellant.

J. T. KENWORTHY and S. R. KENWORTHY, attorneys for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was a suit brought by appellee against appellant to recover damages for personal injuries alleged to have been received by him in falling through a hole, from which a trap-door had been removed, in the engine room of the latter, while attending to his duties as night watchman.

Appellant was at the time of the accident, and had been for some time prior thereto, operating a factory, for the purpose of manufacturing wheels. Prior to the time of the accident, appellee had been in the employment of appellant in several different capacities with indifferent success, and on May 1, 1895, after he had been out of employment for some time, appellant employed him as night watchman; which position he was filling at the time of the accident, which occurred about five o'clock on Monday morning, March 23, 1896.

As night watchman he went on duty at six o'clock in the evening and remained until seven o'clock in the morning. He was required to see that everything was all right around the shop, with reference to fire and trespassers, and had to go through the building every hour, from six o'clock

in the evening until five o'clock in the morning. He was required to sweep the engine room every night, and there being no special time designated for it, it was his custom to do this in the morning after he had made his last trip through the building.

The engine room was forty-seven feet long, east and west, and fifteen feet wide, and was lighted by eight windows— two in the east end of the room, two in the west and four in the south. In the center of the room at the west end was the engine, and south of it, extending a little further east, was the wheel pit, which was protected by a box on the south and east. Directly east of the wheel was the hole in the floor, through which defendant fell. This hole was fourteen and one-half by twenty-two inches and was usually covered by a trap-door of pine flooring. Some six inches east of the trap-door, and about thirty-one inches apart, were two posts six by eight inches in size, which extended from the floor to the ceiling and supported an " idler " for the belt operated by the fly-wheel. This belt extended from the wheel up to the "idler" at an angle of forty-five degrees, and was four feet six inches above the floor at the west side of the trap-door and five feet six inches at the west side of the posts. Appellee made his headquarters in this room, generally sitting at the east end of the room, but sometimes occupying a chair near the north one of the two posts. At the time the accident is alleged to have occurred, appellee states that he had completed his rounds for the night, and, having set his lantern near the middle of the floor, was sweeping the engine room; that in doing this he was walking backward and between the two posts, when he stepped through the hole, and struck his back on the edge of the opening, and received injuries which permanently disabled him; that there was no one present at the time of the accident; that he drew himself out of the hole, and afterward went home; that he suffered pain constantly that day, but did not see a physician until the following day, when he called upon one at his office.

This suit was brought on the 25th day of July, 1896, and

trial was had in March, 1899. The jury gave a verdict in favor of appellee for $4,716.66⅔, and a motion for a new trial having been overruled, judgment was entered for that amount.

The principal reason assigned by appellant for the reversal of the judgment, is that the verdict in this case was not sustained by the evidence. The record is quite voluminous and a large portion of the evidence contained in it was devoted to the question whether or not appellee was guilty of contributory negligence in bringing about the accident complained of. Appellee testified that he never knew there was a trap-door at the place in question, and that he had swept directly over the place on the Saturday and Sunday mornings prior to the accident. It appeared, however, that the door had been removed on Friday afternoon by the assistant engineer, who went below the floor to raise a valve connected with the water pipe, and four witnesses testify that it was permitted to remain off from that time until the time of the accident on the following Monday morning. If such was the fact it is hardly probable that plaintiff, who went in there before dark and came away after daylight, during the time the door was off, could have failed to notice it, and it would have been absolutely impossible for him to have swept over that spot on Saturday and Sunday without seeing the hole.

It also appeared from the evidence of two witnesses that on other occasions they went into and came out of the hole while appellee was present in the room. The greater weight of the proof showed that appellee knew of the existence of the trap-door. It also showed that the door was open and the hole exposed from Friday afternoon until the time of the accident. This was evidently the view taken by the jury, as they found specially that the trap-door or hole in question when open was in plain view, and also that the trap-door was off and the hole exposed to view Friday afternoon and Saturday and Sunday before the accident.

It also appeared from a preponderance of the evidence that the trap-door, during the time the hole was open, was lying east of it, right between the two up-right posts. If

such were the case, appellee could not have swept between the posts without noticing it, and could not have walked backward without stepping upon the cover and thereby being notified of danger.

Without going further into details of the proof, it is sufficient to say that we are of opinion plaintiff failed to show, by a preponderance of the evidence, that he was, at the time of the alleged accident, in the exercise of ordinary care for his own safety.    Under such circumstances he was not entitled to recover a judgment against appellant for damages.

The judgment of the court below will therefore be reversed, but as in our opinion the evidence was not sufficient to sustain a judgment in favor of appellee, the cause will not be remanded.    Judgment reversed.

**Finding of Facts,** to be incorporated in the judgment. We find that appellee knew of the existence of the trap-door mentioned in the evidence, prior to the occurrence of the accident through which he claims to have received the injuries complained of, and that at the time of such accident he was not in the exercise of ordinary care for his own safety.